UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PAINTERS DISTRICT COUNSEL NO. 58, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 4:16CV1218 RLW |
| ) | |
| PLATINUM ENTERPRISES, LLC, et al., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion for Entry of Full Default Judgment (ECF No. 11). The record shows that Defendants Platinum Enterprises, LLC and Myrian Baker were served with the summons and complaint on September 4, 2016, and have not filed an answer or other responsive pleading. On Plaintiffs' motion, the Clerk of the Court entered default against Defendant on October 3, 2016. (ECF Nos. 5, 6) Plaintiffs also filed a Motion for Entry of Partial Default Judgment – Accounting, which this Court granted. (ECF Nos. 8, 9) On November 3, 2017, Plaintiffs filed the present Motion for Full Default Judgment with supporting affidavits seeking $277,271.01 for delinquent fringe benefit contributions and union dues, liquidated damages, payroll audit costs, attorneys' fees, and court costs.

Plaintiffs filed this action on July 26, 2016 to recover from Defendants Platinum Enterprises, LLC and Myrian Baker.[1] Plaintiff Painters District Council No. 58 ("Union") brings its cause of action under Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 185. The remaining Plaintiffs are various trusts that bring their claims under Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§

---

[1] Plaintiffs seek judgment against Myrian Baker, the owner of Defendant Platinum Enterprises, LLC, based on his signature as a personal guarantor. (Smith Ex. 9, ECF No. 11-10)

1132 and 1145. Plaintiffs allege they conducted a payroll examination for the period of January 10, 2014 through June 10, 2017, which reflected unpaid fringe benefit contributions and union dues in the total amount of $223,230.18; liquidated damages totaling $39,610.09; and accounting costs of $4,974.46. (Kinder Aff. ¶¶ 9-13, ECF No. 11-11) Plaintiffs claim that Defendants additionally owe Plaintiffs $3,479.49 in liquidated damages for contributions from the week ending January 7, 2017 through the week ending August 12, 2017. (Sneed Aff. ¶¶ 9-10, ECF No. 11-13) The collective bargaining agreement also requires delinquent employers to pay Plaintiffs' court costs and attorneys' fees. (Smith Aff. ¶ 20, ECF No. 11-1) However, Plaintiffs have not included an affidavit in support of these costs in the present motion.

## **Legal Standard**

"It is well established . . . that the entry of default by the Clerk does not entitle the non-defaulting party to a default judgment as a matter of right." *United States v. $345,510.00 in U.S. Currency,* No. Civ. 01-497(PAMJGL), 2002 WL 22040, at *2 (E.D. Minn. Jan. 2, 2002) (citations omitted). Default judgments are disfavored under the law. *United States ex rel. Time Equip. Rental & Sales, Inc. v. Harre,* 983 F.2d 128, 130 (8th Cir. 1993). Further, the entry of a default judgment is committed to the sound discretion of the district court. *Id.*

"[W]hen a default judgment is entered, facts alleged in the complaint may not be later contested." *Marshall v. Baggett,* 616 F.3d 849, 852 (8th Cir. 2010). However, "'it remains for the [district] court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.'" *Murray v. Lene,* 595 F.3d 868, 871 (8th Cir. 2010) (quoting 10A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2688 at 63 (3d ed. 1998)). Further, "[a] party seeking damages under a default judgment must . . . prove its rights to such damages with affidavits or other supporting

2

documentation." *Joe Hand Promotions, Inc. v. Kickers Corner of the Americas, Inc.*, No. 4:12CV02387 AGF, 2014 WL 805731, at *2 (E.D. Mo. Feb. 28, 2014) (citations omitted).

## Discussion

Taking the allegations in their Complaint as true, Plaintiffs have established that Defendant was bound by a valid collective bargaining agreement beginning September 1, 2010 and effective through August 31, 2020. (Smith Aff. ¶¶ 8-13, ECF No. 11-1; Smith Exs. 1-4, ECF Nos. 11-2 through 11-5) Plaintiffs have also established that Defendant failed to comply with the terms of the agreement by failing to report and pay several employee benefit funds and contributions and union dues owed. Under ERISA and under the applicable collective bargaining agreement, Plaintiffs are entitled to unpaid contributions, liquidated damages, interest, attorneys' fees, and payroll examination costs. Based on the pleadings, the Court finds that Plaintiffs are entitled to default judgment.

Further, the Court has reviewed the evidence submitted by the Plaintiffs in support of their request for damages. Plaintiffs have submitted an affidavit and exhibit from Charles M. Kinder, a Certified Public Accountant and payroll examiner with the firm Grabel Schnieders, Hollman & Co., P.C. (Kinder Aff. ¶¶ 1-4, ECF No. 11-11; Kinder Ex., ECF No. 11-12) Mr. Kinder states that review of Defendants' records revealed that Defendants owed $223,230.18 in principal contributions; $39,610.09 in liquidated damages on the principal delinquency; and $4,974.46 in costs for the payroll examination. (Kinder Aff. ¶¶ 9-10) Mr. Kinder has attached an exhibit reflecting these calculations. (Kinder Ex., ECF No. 11-12)

Plaintiffs have also submitted an affidavit from Stefanie Sneed, an employee with Benesys, Inc., a third party administrator for Taft-Hartely multiemployer trust funds. (Sneed Aff. ¶¶ 1-3, ECF No. 11-13) Ms. Sneed is the Contributions Specialist for the Painters Trust and monitors

contribution funds and employers who are parties to a collective bargaining agreement. (Sneed Aff ¶¶ 4-8) The affidavit states that Defendants were late in submitting contributions on 36 occasions from the week ending January 7, 2017 through the week ending August 12, 2017, totaling $3,479.49 in liquidated damages. (Sneed Aff. ¶¶ 9-10; Sneed Ex., ECF No. 11-14). Based on the evidence presented, the Court finds that Plaintiffs are entitled to a default judgment against Defendants in the total amount of $271,294.22, consisting of delinquent contributions, liquidated damages, and accounting costs. Because Plaintiffs have failed to provide support for their request for attorneys' fees and court costs, such request will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Entry of Default Judgment (ECF No. 11) is **GRANTED**. A separate judgment shall accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall mail a copy of this order and accompanying judgment to the Defendants via U.S. Mail and UPS at the following address:

Platinum Enterprises, LLC
3954 Max Welch Place
St. Louis, Missouri 63033

Myrian Baker
3954 Max Welch Place
St. Louis, Missouri 63033

Dated this 8th day of June, 2018.

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**