UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PAINTERS DISTRICT COUNSEL NO. 58, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 4:16CV1218 RLW |
| ) | |
| PLATINUM ENTERPRISES, LLC, et al., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion for Attorneys' Fees and Costs (ECF No. 15) and Defendant Myrian Baker's *pro se* Rule 60(b) Motion to Set Aside Default and Default Judgment (ECF No. 16) filed on behalf of himself and Platinum Enterprises, LLC. Plaintiffs have filed a response in opposition to Defendants' Rule 60(b) motion. (ECF No. 17) *Pro se* Defendant Myrian Baker ("Baker") also filed a Notice of Permissive Joinder of Defendants. (ECF No. 22) Plaintiffs have filed a response in opposition to the notice, and Defendant Baker filed a reply brief. (ECF Nos. 23, 25) Defendants have not filed a response to Plaintiffs' motion for attorneys' fees.

## I. Background

Plaintiffs filed this cause of action on July 26, 2016 to recover delinquent fringe benefit contributions and union dues, liquidated damages, payroll audit costs, attorneys' fees, and court costs from Defendants Platinum Enterprises, LLC and Baker.[1] Defendants Platinum Enterprises, LLC and Baker were served with the summons and complaint on September 4, 2016, and failed to file an answer or other responsive pleading. On Plaintiffs' motion, the Clerk of the Court entered default against Defendant on October 3, 2016. Plaintiffs also filed a Motion for Entry of

---

[1] The record reflects that Myrian Baker, the owner of Defendant Platinum Enterprises, LLC, signed the collective bargaining agreement as a personal guarantor.

Partial Default Judgment – Accounting, which this Court granted. On June 8, 2018, the Court granted Plaintiffs' Motion for Entry of Default Judgment and entered a Judgment against Defendants Platinum Enterprises, LLC and Baker, jointly and severally, in the amount of $271,294.22. (ECF Nos. 13, 14) The Court did not grant Plaintiffs' request for attorneys' fees and costs because Plaintiffs failed to include an affidavit in support.

On June 21, 2018, Plaintiff filed the present motion for attorneys' fees and costs, along with supporting affidavits. Plaintiffs seek $6,128.16 in attorneys' fees and $481.67 in costs to be paid by Defendants, jointly and severally. Defendants have not filed any objection to these fees. On July 6, 2018, Defendant Baker, *pro se* and on behalf of himself and his company, filed a Rule 60(b) motion to set aside the default and default judgment. He also requested a stay of execution of the judgment pending a hearing. In addition, on August 6, 2018, Baker filed a notice of permissive joinder of Defendants presumably to join both Defendants in his Rule 60(b) motion.

## II. Discussion

The Court will first address the *pro se* motion to set aside the default. The Court agrees that Defendant Baker may not request that the Clerk's Entry of Default be set aside on behalf of the corporation. *See Carr Enters., Inc. v. United States*, 698 F.2d 952, 953 (8th Cir. 1983) ("It is settled law that a corporation may be represented only by licensed counsel."); *JODA, LLC v. Ace NC Sys., LLC*, No. 4:09 CV 1197 CDP, 2014 WL 2217279, at *1 (E.D. Mo. May 29, 2014) (same). As such, Baker may only represent himself in this matter. *See* E.D. Mo. L.R. 12.01(A) ("Nothing in these rules is intended to prohibit any individual from appearing personally on his or her own behalf."). Thus, the Court will disregard any argument made by Baker on behalf of Platinum Enterprises LLC.

With respect to Baker's argument that the Court should set aside the default judgment and stay the execution of judgment pending a hearing, the Court will deny the motion. Under Rule 60(b), a court may relieve a party from a court order for several reasons including mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, misrepresentation, misconduct by an opposing party, or any other reason that justifies relief. Fed. R. Civ. P. 60(b)(1)-(3), (6). "The district court has wide discretion in ruling on a Rule 60(b) motion . . . ." *Jones v. Swanson*, 512 F.3d 1045, 1049 (8th Cir. 2008). Rule 60(b) "authorizes relief based on certain enumerated circumstances (for example, fraud, changed conditions, and the like)." *Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999).

Here, Baker contends that Plaintiffs tricked Baker into failing to respond. He further asserts that he signed the collective bargaining contract under duress and that said contract is not legitimate. Finally, he argues that his failure to respond to the complaint and his delay in filing the motion to vacate were not caused by bad faith, as he lacked knowledge of the law. Plaintiff appears to primarily argue excusable neglect in seeking Rule 60(b) relief. "Rule 60(b)(1), among other things, permits a district court to set aside a judgment entered because of a party's "excusable neglect."" *Freeman v. Wyeth*, 764 F.3d 806, 809 (8th Cir. 2014) (citation omitted). "To determine whether conduct is excusable, courts consider several factors, including: '(1) the danger of prejudice to the non-moving party; (2) the length of the delay and its potential impact on judicial proceedings; (3) whether the movant acted in good faith; and (4) the reason for the delay, including whether it was within the reasonable control of the movant.'" *Id.* (quoting *In re Guidant Corp. Implantable Defibrillators Prod. Liab. Litig.*, 496 F.3d 863, 866 (8th Cir. 2007)). "The reason for the delay is a 'key factor in the analysis.'" *Id.* (quoting *In re Guidant Corp.*, 496 F.3d at 867). In addition, courts have found that the existence of a meritorious defense is also a

3

relevant factor. *Union Pac. R. Co. v. Progress Rail Servs. Corp.*, 256 F.3d 781, 783 (8th Cir. 2001). "In weighing these factors, the Court is mindful of the Eighth Circuit's 'frequently endorsed [and] strong judicial policy against default judgments.'" *Marcum v. Ret. Plan for Hourly-Rated Employees of Noranda Aluminum, Inc.*, No. 4:10CV02217 JCH, 2011 WL 1533032, at *2 (E.D. Mo. Apr. 21, 2011) (quoting *Oberstar v. F.D.I.C.*, 987 F.2d 494, 504 (8th Cir.1993)).

Defendant Baker concedes in his motion that he was served with the summons and complaint and was aware of the allegations contained in the July 26, 2016 complaint. (ECF No. 16 p. 2) The record shows that on December 27, 2016, the copy of the order granting partial default and compelling an accounting was returned because Baker refused delivery. (ECF No. 10) In addition, the record reflects that Defendants submitted the requisite payroll records for the time period of January 10, 2014 through June 10, 2017 for examination. (ECF Nos. 11-1, 11-11, and 11-12) Baker now alleges two years after Plaintiffs filed their complaint, that he was surprised to learn of the default judgment and that he moved to set aside the default as soon as possible.

The Court finds that Baker's assertion does not satisfy the excusable neglect factors. Baker had knowledge of the collective bargaining contract, knowledge of the complaint, and knowledge of his defenses of alleged fraud and racketeering since the inception of the suit. (ECF Nos. 16-2, 22 pp. 3-8) The case has been pending for over two years. Further his defenses are merely conclusory and do not rise to the level of a meritorious defense. Instead, the Court finds that Baker simply chose to ignore the law suit filed against him. Therefore, the Court will deny the motion to set aside the default judgment with respect to Baker in his individual capacity.

With regard to Baker's Rule 62(b) motion, the rule allows for the stay of execution of judgment pending disposition of a motion under Rule 60. Fed. R. Civ. P. 62(b)(4). Because this Order disposes of Bakers' Rule 60(b) motion, the request for a stay of execution is now moot.

Finally, the Court will grant Plaintiffs' Motion for Attorneys' Fees and Costs. Under 29 U.S.C. § 1132 pertaining to civil enforcement of an ERISA plan, "[i]n any action . . . on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan . . . reasonable attorney's fees and costs of the action, to be paid by the defendant." 29 U.S.C. § 1132(g)(2)(D). An award of attorney's fees and costs is mandatory, and the Plaintiffs bear the burden to prove that such request is reasonable. *Greater St. Louis Const. Laborers Welfare Fund v. A.L.L. Const., LLC*, No. 4:12-CV-1511 CAS, 2014 WL 1648731, at *6 (E.D. Mo. Apr. 23, 2014).

Here, Plaintiffs have submitted the affidavit of Matthew J. Gierse and billing records in support of their request for $6,128.16 in attorneys' fees and $481.67 in costs. (ECF Nos. 15-2, 15-3) Mr. Gierse avers that the standard hourly billing rate for services performed on delinquency matters in federal court was $180.00 until February 1, 2017, when it became $220.00. (ECF No. 15-2 ¶ 3) Based on the evidence presented, the Court finds the services performed by Plaintiffs' attorneys were reasonable and necessary to the litigation of this case, the rates charged were reasonable, and the amount sought for attorneys' fees and costs is reasonable. Therefore, the Court will grant Plaintiffs' motion for attorneys' fees and cost. *See Greater St. Louis Const. Laborers Welfare Fund v. LaBarge*, No. 4:13CV01258 AGF, 2013 WL 6181808, at *2 (E.D. Mo. Nov. 26, 2013).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Myrian Baker's *pro se* Rule 60(b) Motion to Set Aside Default and Default Judgment (ECF No. 16) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Attorneys' Fees and Costs (ECF No. 15) is **GRANTED** in the amount of $6,128.16 in attorneys' fees and $481.67 in costs, to be paid by Defendants Platinum Enterprises, LLC and Myrian Baker, jointly and severally. A separate judgment shall accompany this Memorandum and Order.

**IT IS FINALLY ORDERED** that the Clerk of the Court shall mail a copy of this order and accompanying judgment to the Defendants via U.S. Mail and UPS at the following address:

Platinum Enterprises, LLC  
3954 Max Welch Place  
St. Louis, Missouri 63033

Myrian Baker  
3954 Max Welch Place  
St. Louis, Missouri 63033

Dated this 30th day of October, 2018.

_____  
**RONNIE L. WHITE**  
**UNITED STATES DISTRICT JUDGE**