UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| PAINTERS DISTRICT COUNSEL NO. 58, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:16CV1218 RLW |
| | ) | |
| PLATINUM ENTERPRISES, LLC, et al., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion to Allow Pro Se Representation of Platinum Enterprises, LLC. (ECF No. 33) The motion also contains a Motion to Void Judgment and to Dismiss for Insufficient Service of Process, a Motion for Writ of Error Coram Nobis, and a Motion for Discovery and to Compel Discovery. (*Id.*) Plaintiffs have filed a response in opposition. Defendants Platinum Enterprises, LLC and Myrian Baker (collectively "Defendants") did not file a reply, and the time for doing so has expired. In addition, Plaintiffs have filed a Motion to Compel the deposition of Defendants (ECF No. 38) and a Motion for Default Judgment against Garnishee Nu You Contracting & Remodeling Services, LLC (ECF No. 39). Defendants have not responded to either motion. For the foregoing reasons, all pending motions will be denied.

Plaintiffs filed this cause of action to recover delinquent fringe benefit contributions and union dues, liquidated damages, payroll audit costs, attorneys' fees, and court costs from Defendants Platinum Enterprises, LLC and Myrian Baker ("Baker"). On June 8, 2018, the Court granted Plaintiffs' Motion for Entry of Default Judgment and entered a Judgment against Defendants, jointly and severally, in the amount of $271,294.22. (ECF Nos. 13, 14) Defendants then filed a Rule 60(b) motion to set aside the default judgment, wherein Baker sought, *inter*

*alia*, to represent the corporation, Platinum Enterprises, LLC, in a *pro se* capacity. In the Order of October 30, 2018, denying Defendants' motion, the Court explicitly stated that Baker could not represent his company *pro se*. (ECF No. 26 p. 2); *see also Carr Enters., Inc. v. United States*, 698 F.2d 952, 953 (8th Cir. 1983) ("It is settled law that a corporation may be represented only by licensed counsel."); *JODA, LLC v. Ace NC Sys., LLC*, No. 4:09 CV 1197 CDP, 2014 WL 2217279, at *1 (E.D. Mo. May 29, 2014) (same). The Order also denied Baker's motion to set aside the default under Rule 60(b) and granted Plaintiffs' attorneys' fees in the amount of $6,128.16.

In Defendants' present motion, Baker again requests that the Court allow *pro se* representation of Platinum Enterprises, LLC. Baker contends that he has attempted to find legal counsel to represent the company, but due to the complexity of the case and the company's lack of funds, Baker has been unable to retain legal representation for Platinum Enterprises, LLC. However, as previously stated by this Court, "[a] corporation cannot appear *pro se*, and must be represented by counsel." *Goodman Distribution, Inc. v. Haaf*, No. 4:10-CV-806 CAS, 2011 WL 6934265, at *2 (E.D. Mo. Dec. 30, 2011) (citing *Rowland v. California Men's Colony*, 506 U.S. 194, 201–02 (1993)). Thus, the Court will again deny Baker's motion to represent Platinum Enterprises, LLC *pro se*.

Attached to Defendant Baker's motion for *pro se* representation of Platinum Enterprises, LLC are several additional motions, improperly filed as one document. However, because Baker is proceeding *pro se*, the Court will address the motions. Baker moves to void the default judgment entered against him for lack of jurisdiction or as inconsistent with due process, and he also moves to dismiss the action for insufficient service. In addition, Baker has filed a "Writ of

Error Coram Nobis" and a "Motion for Discovery and Motion to Compel Discovery [sic] under Rule 61."

The Court notes that it previously addressed Baker's motion to set aside the default and default judgment under Rule 60(b) of the Federal Rules of Civil Procedure. (ECF No. 26) The Court incorporates the Memorandum and Order of October 30, 2018 herein, and for the reasons stated in the order, denies Baker's motion to void the judgment. To the extent that Baker claims that final judgment has not been entered such that the default judgment may be revised, the record belies this assertion. On June 8, 2018, the Court granted Plaintiffs' motion for entry of default judgment and entered a final judgment in favor of Plaintiffs in the amount of $271,294.22. (ECF Nos. 13, 14) The judgment disposed of all claims brought by the Plaintiffs for delinquent contributions, liquidated damages, and accounting costs, and the case was closed.

Further, while Baker claims that he was not served with Plaintiffs' motion for attorneys' fees and costs and supporting affidavit, the Court notes that copies were mailed to Defendants at the same address where Defendants were originally served. Further, Rule 5 of the Federal Rules of Civil Procedure provides, "[n]o service is required on a party who is in default for failing to appear." Fed. R. Civ. P. 5(a)(2). Thus, Baker was not entitled to service of process because Baker was in default for failure to appear.

With respect to Baker's motion for writ of error coram nobis, the Court notes that coram nobis relief is available to a movant who demonstrates "that present adverse consequences flow from his conviction." *Stewart v. United States*, 446 F.2d 42, 43 (8th Cir. 1971). Here, the judgment against Baker is not a criminal judgment but a civil default judgment. Thus, this motion will be denied.

Finally, Baker asks that the Court compel discovery to provide Baker with the affidavits and exhibits filed by Plaintiffs, which Baker contends were improperly served. As stated above, Baker was in default for failure to appear. Service of motions and exhibits was not required. However, the record shows that copies of all documents were mailed to Defendants. This action has been closed for over a year, and the Court finds that Baker is not entitled to any further discovery in this case.

Also pending in this case are two motions filed by the Plaintiffs. The first motion seeks to compel Defendants to produce certain requested documents and appear for a post-judgment deposition for a date that has now passed. (ECF No. 38) The second motion asks the Court to enter a default judgment against a garnishee, Nu You Contracting and Remodeling Services, LLC. (ECF No. 39) Plaintiffs provide no federal case law in support of the requested relief in this ERISA action. Therefore, the Court will deny these motions without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Allow Pro Se Representation of Platinum Enterprises, LLC, Motion to Void Judgment and to Dismiss for Insufficient Service of Process, Motion for Writ of Error Coram Nobis, and Motion for Discovery and to Compel Discovery (ECF No. 33) are **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Compel the deposition of Defendants (ECF No. 38) and Motion for Default Judgment against Garnishee Nu You Contracting & Remodeling Services, LLC (ECF No. 39) are **DENIED** without prejudice.

Dated this 15th day of August, 2019.

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**