UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PAINTERS DISTRICT COUNSEL NO. 58, et al., | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) No. 4:16CV1218 RLW |
| PLATINUM ENTERPRISES, LLC, et al., | ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion to Compel (ECF No. 45) Defendants Platinum Enterprises, LLC and Myrian Baker (collectively "Defendants") to produce requested documents and appear for a post-judgment deposition. Defendants have not filed a response, and the time for doing so has expired. For the following reasons, the Court grants Plaintiffs' motion.

**I.     BACKGROUND**

Plaintiffs filed this action on July 26, 2016 to collect delinquent fringe benefit contributions from Defendants Platinum Enterprises, LLC and Myrian Baker pursuant to Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 18 and Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132 and 1145. (ECF No. 1). On June 8, 2018, the Court entered default judgment in favor of Plaintiffs in the amount of $271,294.22 (ECF No. 14). The Court entered judgment awarding attorneys' fees on October 30,

2018 in the amount of $6,609.83. (ECF No. 27). Plaintiffs now seek an order compelling Defendants to produce documents and appear at a deposition related to post-judgment discovery. According to Plaintiffs, they have been unable to collect the judgment balance.

## II. LEGAL STANDARD

Under Rule 69 of the Federal Rules of Civil Procedure, "[a] money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution . . . must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Fed. R. Civ. P. 69(a)(1). Rule 69 further provides, "[i]n aid of the judgment or execution, the judgment creditor . . . whose interest appears of record may obtain discovery from any person--including the judgment debtor--as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2).

## III. DISCUSSION

In their motion to compel and the affidavits submitted by attorney Matthew J. Gierse, Plaintiffs aver they noticed a Rule 69 deposition set to take place on Thursday October 3, 2019, at 10:00 a.m. at the law offices of Hartnett Reyes-Jones, LLC. (Affidavit of Matthew J. Gierse, ¶ 4, ECF No. 45-2). Defendants, through Myrian Baker, appeared for the deposition but failed to produce any of the requested documents. *Id.* at ¶ 5. Further, during the deposition Defendant Myrian Baker refused to answer any substantive questions. *Id.* Defendants stated Plaintiffs failed to comply with unspecified statutes requiring the posting of a bond or insurance, which negated Defendants'

2

obligation to produce documents or answer deposition questions. *Id.* at ¶ 6. Plaintiffs requested the applicable citations from Defendants; however, Defendants failed to provide said authority. *Id.* at ¶¶ 7, 8.

Plaintiffs now seek to reschedule the post-judgment deposition and compel Defendants to answer questions and to produce the previously requested documents in aid of execution of their judgment. This procedure is appropriate pursuant to Rule 69(a) of the Federal Rules of Civil Procedure. In addition, Rule 37 provides "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection" if, *inter alia,* a deponent fails to answer a deposition question during a deposition or fails to produce documents or permit inspection of documents. Fed. R. Civ. P. 37(a)(3)(B). "[E]vasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." *Id.*

According to the affidavit of Plaintiffs' counsel, Defendants were properly noticed for deposition and appeared at the October 2019 deposition. However, Defendant Myrian Baker refused to answer substantive questions and failed to provide the requested documents. Thus, the Court finds Plaintiffs' motion to compel should be granted, and Defendant Myrian Baker will be ordered to appear for deposition at the offices of Plaintiffs' counsel and produce the requested documents on behalf of Defendant Platinum Enterprises, LLC at that time. *See Greater St. Louis Const. Laborers Welfare Fund v. Town & Country Masonry*, No. 4:13-CV-00696-JAR, 2015 WL 65074, at *2 (E.D. Mo. Jan. 5, 2015).

Accordingly,

3

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Compel (ECF No. 45) is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendant Myrian Baker shall appear for a post-judgment deposition and produce the records requested in the notice of deposition dated September 3, 2019, at the offices of Plaintiffs' counsel a date and time set by Plaintiffs with sufficient notice given to Defendants.

**IT IS FINALLY ORDERED** that the Clerk of the Court shall mail a copy of this order via USPS mail and UPS to Defendants Platinum Enterprises, LLC and Myrian Baker at 1650 Shackelford Road, Unit 1174, Florissant, Missouri 63031.

Dated this 15th day of June, 2020.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**