**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| PAINTERS DISTRICT COUNCIL NO. 58, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 4:16-CV-1218 RLW |
| PLATINUM ENTERPRISES, LLC, et al., | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This closed matter is before the Court on Plaintiffs' motion to find Defendants Platinum Enterprises, LLC, and Myrian Baker in civil contempt of the Court's Memorandum and Order of June 15, 2020, which granted Plaintiffs' motion to compel discovery in aid of execution of the judgment. Defendants have not responded to the motion for contempt and the time to do so has passed. For the following reasons, Defendants will be ordered to respond to Plaintiffs' motion. Defendants are also ordered to appear before the Court and show cause why they should not be held in contempt.

### *Background*

Plaintiffs filed this action on July 26, 2016, to collect delinquent fringe benefit contributions from Defendants Platinum Enterprises, LLC, and Myrian Baker pursuant to Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 18, and Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132 and 1145. (ECF No. 1). On June 8, 2018, the Court entered default judgment

in favor of Plaintiffs in the amount of $271,294.22. (ECF No. 14). The Court entered judgment awarding attorneys' fees on October 30, 2018, in the amount of $6,609.83. (ECF No. 27).

On January 2, 2020, Plaintiffs filed a Motion to Compel pursuant to Rules 37 and 69 of the Fed. R. Civ. P.  According to the motion, Plaintiffs attempted to conduct discovery to facilitate the collection of the unpaid judgment, but Defendants refused to comply with discovery requests and notices of deposition.  [ECF No. 38].  Plaintiffs noticed a Rule 69 deposition, which was scheduled to take place on October 3, 2019, and while Defendant Myrian Baker, appeared for the deposition, he failed to produce any of the documents outlined in the deposition notice or answer any substantive questions.  Plaintiffs filed a motion to compel seeking an order from the Court compelling Defendants to produce documents and respond to deposition questions.

In a Memorandum and Order dated June 15, 2020, the Court granted Plaintiff's Motion to Compel.  (ECF No. 46).  The Court ordered that "Defendant Myrian Baker shall appear for a post-judgment deposition and produce the records requested in the notice of deposition dated September 3, 2019, at the offices of Plaintiffs' counsel a date and time set by Plaintiffs with sufficient notice given to Defendants."  Id.  A copy of the Court's Memorandum and Order was mailed to Defendants Platinum Enterprises, LLC, and Myrian Baker at their address of record via USPS mail and UPS.

Plaintiffs now move that the Defendants beheld in contempt of the Court's Order of June 15, 2020.  Plaintiffs state in their Motion for Contempt that they once again noticed a Rule 69 deposition, which was set to take place on Tuesday July 28, 2020.  Plaintiffs mailed a Notice of Deposition to Defendants on June 16, 2020, and included a copy of the Court's June 15, 2020 Order. According to Plaintiffs' motion, Defendant Baker appeared at the deposition but failed to

produce the documents. Plaintiffs further assert that Defendant Baker either refused to answer or gave incomplete answers to almost all of the substantive questions that were posed. In their Motion for Contempt, Plaintiffs ask the Court to assess monetary sanctions against Defendant at a rate of $200 for each day of noncompliance. Plaintiffs also seek attorneys' fees and costs incurred in filing the motion for contempt.

*Discussion*

The United States Supreme Court has stated "it is firmly established that the power to punish for contempts is inherent in all courts." Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (internal punctuation and citation omitted). "One of the overarching goals of a court's contempt power is to ensure that litigants do not anoint themselves with the power to adjudge the validity of orders to which they are subject." Chicago Truck Drivers v. Brotherhood Labor Leasing, 207 F.3d 500, 504 (8th Cir. 2000) (citing United States v. United Mine Workers, 330 U.S. 258, 290 n.56 (1947)). Civil contempt proceedings may be employed to coerce a defendant into compliance with a court order or to compensate the complainant for losses sustained or both. Chicago Truck Drivers, 207 F.3d at 504-05. Either incarceration or a fine may accomplish the purpose of coercion; where compensation is intended, a fine is imposed payable to the complainant. Id.

This Court has previously imposed compliance fines and has ordered defendants to reimburse the plaintiffs for attorneys' fees incurred in attempting to compel compliance with a Court order. See, e.g., Rodriguez v. Lawns of Distinction, Ltd., 2008 WL 2482516, at * 2 (E.D. Mo. June 17, 2008) (ordering a compliance fine of $200 per day until defendants answered plaintiff's post-judgment interrogatories); Rodriguez v. Lawns of Distinction, Ltd., 2008 WL

3

4378465, at * 2 (E.D. Mo. Sept. 23, 2008) (awarding plaintiffs attorney's fees and expenses of $4,668.28 incurred in connection with motion for contempt); Greater St. Louis Construction Laborers Welfare Fund v. AURA Contracting, LLC, 2012 WL 2684864, at *2 (E.D. Mo. July 6, 2012) (granting plaintiffs' motion for attorneys' fees in connection with motion for contempt).   In addition, incarceration has been used to compel compliance with Court orders in the context of post-judgment collection efforts.  See, e.g., Rodriguez v. Lawns of Distinction, Ltd., 2008 WL 4534016, at *7 (E.D. Mo. Oct. 3, 2008 (ordering U.S. Marshal to take defendant into custody and incarcerate him until he purged himself of contempt by answering plaintiffs' interrogatories). A party seeking civil contempt bears the burden of proving by clear and convincing evidence that the alleged contemnor violated a court order.  Chicago Truck Drivers, 207 F.3d at 504-05.

Here, it is undisputed that Defendants Platinum Enterprises, LLC, and Myrian Baker have not produced records or fully answered questions posed at a deposition as ordered.   At this point, the burden shifts to Defendants Platinum Enterprises, LLC, and Myrian Baker to show an inability to comply with the Court's order.  See id.  A mere assertion of "present inability" is insufficient to avoid a civil contempt finding.  Rather, an alleged contemnor defending on the ground of inability to comply must establish that (1) he was unable to comply, explaining why "categorically and in detail;" (2) his inability to comply was not "self-induced;" and (3) he made "in good faith all reasonable efforts to comply."  Chicago Truck Drivers, 207 F.3d at 506.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Platinum Enterprises, LLC, and Myrian Baker shall respond to Plaintiffs' Motion for Contempt (ECF No. 48) no later than **Thursday, August 12, 2021.**

**IT IS FURTHER ORDERED** that Defendants Platinum Enterprises, LLC, and Myrian Baker shall appear before the Court to show cause why they should not be held in contempt of court for failure to produce records and answer questions at a deposition as ordered by the Court on June 15, 2020.

**IT IS FURTHER ORDERED** that a hearing is set for **Thursday, August 26, 2021**, at **1:30 p.m.** in Courtroom No. 10-South of the Thomas F. Eagleton United States Courthouse, at which Defendants Platinum Enterprises, LLC, and Myrian Baker may show cause why civil contempt sanctions should not be imposed against them for failure to comply with the Court's Memorandum and Order of June 15, 2020.  Because incarceration is a possible civil contempt sanction, the Defendant Baker has the right to representation by counsel.   Failure to appear for the hearing as ordered may subject Defendant Baker to arrest by the United States Marshal's Service.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall mail a copy of this Memorandum and Order to Defendants Platinum Enterprises, LLC, and Myrian Baker at 1650 Shackelford Road, Unit 1174, Florissant, Missouri 63031, via UPS Signature.

**IT IS FURTHER ORDERED** that Plaintiffs shall effectuate personal service of this Memorandum Order on Defendants and shall promptly file proof of such service.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this ___22nd___ day of July 2021.